**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN MICHAEL CRUZ,**

               **Plaintiff,**　　　　　:

        **v.**　　　　　　　　　　　　　　　**Case No. 2:23-cv-194**
　　　　　　　　　　　　　　　　　　　**Judge Sarah D. Morrison**
　　　　　　　　　　　　　　　　　　　**Magistrate Judge Kimberly A.**
　　　　　　　　　　　　　　　　　　　**Jolson**

**JAY FORSHEY,** *et al.,*　　　　　:

             **Defendants.**

## ORDER

Plaintiff John Cruz is an individual currently incarcerated at Noble
Correction Institution ("NCI") within the Ohio Department of Rehabilitation and
Correction. Proceeding without assistance of counsel, Mr. Cruz filed the instant suit
against NCI warden, Defendant Jay Forshey, and an unnamed defendant identified
as the "Head of Medical Unit as NCI." (Compl., ECF No. 1.) After performing an
initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the
Magistrate Judge issued a Report and Recommendation construing the Complaint
as bringing an official and individual capacity § 1983 claim of deliberate
indifference to medical needs in violation of the Eighth Amendment to the United
States Constitution. (ECF No. 6.) The Magistrate Judge recommended that the
Court dismiss the § 1983 claim while granting leave to file an amended complaint so
that Mr. Cruz can correct the deficiencies with his claim against Defendants in their
individual capacities. (*Id.*) The Magistrate Judge further recommended that the

Court certify that an appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*Id.*)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

No objections have been filed and the time for doing so has passed. The Court thus **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 6). For the reasons stated therein and because § 1983 does not provide a cause of action against states or state officials in their official capacities, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), Mr. Cruz's § 1983 claim is **DISMISSED** for failure to state a claim upon which relief can be granted. However, Mr. Cruz is granted leave to file an amended complaint within **THIRTY DAYS** of this Order so that he may address deficiencies identified by the Magistrate Judge and proceed with his claim against Defendants in their individual capacities.

If Mr. Cruz does not timely amend his complaint or seek an extension of time to amend, the Clerk is **DIRECTED** to **TERMINATE** this case on the docket.

Finally, the Court **CERTIFIES** to the Sixth Circuit that an appeal of this Order would not be taken in good faith[1] and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[1] In addition, Mr. Cruz has waived the right to appeal by failing to file objections. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that failure to object to the magistrate judge's recommendations constituted a waiver of ability to appeal the district court's ruling).

3